23-7754-ag
Joseph G. Bucci, Elaine T. Bucci v. Commissioner of Internal Revenue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-five.

PRESENT:  BARRINGTON D. PARKER, JR.,
          JOSEPH F. BIANCO,
          WILLIAM J. NARDINI,
            *Circuit Judges*.

------------------------------------------------------------------

JOSEPH G. BUCCI, ELAINE T. BUCCI,

             *Petitioners-Appellants*,

     v.                                              No. 23-7754-ag

COMMISSIONER OF INTERNAL REVENUE,

             *Defendant-Appellee*.

------------------------------------------------------------------

FOR PETITIONERS-APPELLANTS:  RANDALL P. ANDREOZZI (Tiffany D. Bell, *on the brief*), Lippes Mathias LLP, Clarence, NY

FOR DEFENDANT-APPELLEE:  ANDREW W. AMEND (David A. Hubbert, Deputy Assistant Attorney General, Bruce R. Ellison, *on the brief*), Tax Division, Department of Justice, Washington, D.C.

Appeal from a judgment of the United States Tax Court (Mark V. Holmes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the Tax Court is AFFIRMED.

Petitioners-Appellants Joseph Bucci and Elaine Bucci (the "Buccis") appeal from an August 7, 2023 judgment of the United States Tax Court (Holmes, *J.*). Joseph Bucci ran a profitable salt mine—but he also engaged in purchasing, training, and racing thoroughbred horses as well as farming hay which he used to feed those horses, activities that generated hundreds of thousands of dollars in net losses every year. Mr. Bucci claimed deductions for both his horse racing and farming activity on his 2016 and 2017 returns.

The Tax Court determined that the horse racing and farming activities were not activities "engaged in for profit," and therefore did not qualify for deductions

2

under I.R.C. § 183, because while Mr. Bucci "wouldn't turn down money if he won the Kentucky Derby," his horse racing and farming activities were "essentially indulgences and in the case of racing horses a genuine passion, a dream." SPA-21:25–22:4. Accordingly, the Tax Court upheld deficiencies and penalties in the amount of $711,980.40 for the 2016 and 2017 taxable years.

On appeal, the Buccis raise several contentions. First, they argue that the Tax Court erred by applying the wrong legal standard under I.R.C. § 183 to determine that the Buccis' horse racing and farming activity were not activities "engaged in for profit." Second, Appellants contend that the Tax Court abused its discretion in declining to continue the trial a second time so that the Buccis could retain counsel. Third, Appellants contend that the Tax Court erred in finding no profit motive, because the Commissioner's notice of deficiency conceded a profit motive. Fourth, Appellants contend that Tax Court committed numerous errors in applying the nine-factor test under Treas. Reg. § 1.183-2(a) to determine that the Buccis' activities were not engaged in for profit. Finally, Appellants contend that the Tax Court erred in concluding that penalties are applicable for the

underpayment in this case.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

First, the record is clear that the Tax Court articulated and applied the correct legal standard:  "The regulation tells us that although the expectation of profit might not be reasonable, the facts and circumstances must indicate that the taxpayer entered into the activity with the objective of making a profit."  SPA-6:20–24; *see also* Treas. Reg. § 1.183-2(a) ("Although a reasonable expectation of profit is not required, the facts and circumstances must indicate that the taxpayer entered into the activity, or continued the activity, with the objective of making a profit."). The Tax Court then went through the nine-factor test of Treas. Reg. § 1.183-2(a), noting that it is designed "to help decide whether an activity was engaged in for profit," SPA-6:25–SPA-7:1, and emphasizing that "[w]e have to take all the facts and circumstances into account, and we may give more weight to some factors than to others*,"* SPA-7:12-14.  Ultimately, the Tax Court concluded—applying this framework—that Mr. Bucci did not have a profit objective:  "My conclusion for all

---

[1] Because we affirm the Tax Court's conclusion that the horse racing activity was not for profit, we do not consider Appellants' new argument on appeal that the farming activity was for profit because of its relationship to the horse racing activity.

4

three of these activities, then, is that they're not for profit."[2] SPA-21 at 23–24. The Tax Court's opinion thus articulated and applied the correct legal standard.

As to Appellants' second argument, we review the Tax Court's application of its procedural rules for abuse of discretion. *Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir. 2003). Appellants' tax court petition was filed in August 2021; trial took place almost two years later, in June 2023. After the Tax Court granted the parties' first joint request for a continuance, the parties received notice of the re-set trial date four months in advance. The parties did not request a continuance of that trial date until May 12, 2023—one month before trial. One of the reasons for the request was to allow the Buccis to obtain counsel, but even Mr. Bucci acknowledged that was something he "should have got . . . done maybe earlier," A-1434. Under these circumstances, the Tax Court was well within its discretion to deny the parties' second joint request for a continuance.

Next, the IRS's notice of deficiency nowhere concedes a profit motive. Appellants' argument hinges on what they view as an inconsistency between the IRS's treatment of losses from the sale of racehorses as capital losses under I.R.C. § 212 and its treatment of Mr. Bucci's horse racing activity as not for profit under

---

[2] The third activity in dispute before the Tax Court, Mr. Bucci's real estate activity, is not at issue on appeal.

I.R.C. § 183. Regardless whether the Commissioner's treatment of losses from the sale of racehorses was consistent with its treatment of the Schedule C deductions, the notion that this treatment amounts to a concession that the horse racing activity was for profit is flatly contradicted by the Notice of Deficiency itself. That Notice states, with respect to losses from the sale of horses: *"**It has been concluded that the horse activity was not engaged in for profit under IRC Section 183.** The sales of assets (horses) that were originally reported as ordinary income/loss are reclassified to capital assets and subject to the capital gain/loss treatment and limitations."* A-146 (emphasis added).

Fourth, Appellants launch a plethora of challenges to the Tax Court's analysis of each of the nine factors set forth in Treas. Reg. § 1.183-2(a), arguing that the Tax Court's application of these factors was clearly erroneous. Appellants' arguments consist primarily of disagreements with the Tax Court's factual findings and weighing of the factors. Even assuming *arguendo* that some of Appellants' arguments merit consideration, Appellants present no reason to disturb the Tax Court's determination. Critically, when asked about the ultimate issue—why he engages in horse racing—Mr. Bucci did not say it was to make a profit. He said "Well, my goal's always been to get to the Kentucky Derby. . . .

6

And I like watching them race." A-1386:15–17. On this record, it was not clearly erroneous for the Tax Court to conclude that Mr. Bucci engages in his horse racing activity for pleasure and to pursue his dream of getting to the Kentucky Derby, not in order to make a profit.

Finally, the record amply supports the Tax Court's decision to uphold the penalties imposed under Section 6662. "[F]or a taxpayer to rely reasonably upon advice so as possibly to negate a section 6662(a) accuracy-related penalty determined by the Commissioner, the taxpayer must prove by a preponderance of the evidence that the taxpayer meets each requirement of the following three-prong test: (1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment." *Neonatology Assocs., P.A. v. Comm'r*, 115 T.C. 43, 99 (2000). "The mere fact that a certified public accountant has prepared a tax return does not mean that he or she has opined on any or all of the items reported therein." *Id.* at 100.

The Buccis' CPA testified that he did not know who had made the decision to report the horse racing activity on Schedule Cs, because "those were reported

7

that way before [he] started" at his accounting firm. A-1418:7–14. He did not know "when that exactly started." A-1418:7–14. He testified that he just assumed they would continue that way for 2016 and 2017. A-1418:22–25. He subsequently reaffirmed that the tax positions at issue were taken before his time. A-1424:1–13. Accordingly, there is nothing in the record to establish how these positions were taken, what information they were based on, and whether the accountants preparing those returns in fact provided Mr. Bucci with an opinion on which he relied.

*     *     *

We have considered Appellants' remaining arguments and conclude that they are without merit. For the reasons set forth above, the judgment of the Tax Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8